**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT LEXINGTON**
**CRIMINAL ACTION NO. 08-81-DCR-JGW-1**
**CIVIL ACTION NO. 12-7238-DCR**

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

**V.**

**PATRICK MICHAEL RILEY**                                            **DEFENDANT**

**REPORT AND RECOMMENDATION**

On September 24, 2012, defendant Patrick Michael Riley filed a *pro se* motion pursuant to 28 U.S.C. §2255 to vacate or set aside his federal conviction and sentence. Doc. 71. The United States has filed a response [Doc. 79] and the time for defendant to file a reply under LR 7.1(c) has expired. The motion is accordingly fully briefed and ripe for disposition. Having considered the record and applicable law, I recommend that the §2255 motion be denied.

**I. Factual and Procedural History**

On March 10, 2009, pursuant to a plea agreement, defendant pleaded guilty to two counts of distribution of child pornography. Doc. 32, 33. Section nine of the plea agreement, which defendant signed, provided that "[t]he Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution. The Defendant does reserve the right to appeal any sentence greater than 144 months imprisonment." Doc. 33, p. 7.

During the rearraignment, the United States orally summarized section nine of the plea agreement, stating that defendant "has also waived his right to appeal and his right to file a separate lawsuit about his guilty plea." Doc. 61, p. 18. Following the oral recitation of the terms

of the plea agreement by the United States, Judge Coffman[1] asked defendant if the oral summation by the United States had correctly described the plea agreement's terms, to which defendant answered "[y]es, she did, Your Honor." *Id.* at p. 19. Judge Coffman than asked "it's my understanding you have waived or given up your right to appeal or to file a separate lawsuit regarding this case unless your sentence is over 144 months; correct?" *Id.* Defendant responded "[t]hat is correct, Your Honor." *Id.* Defendant then responded "[y]es, I do" when asked by Judge Coffman if he gave up his rights voluntarily. *Id.* at p.20.

The following discussion regarding defendant's waiver of the right to file a collateral attack (i.e., §2255 motion) then occurred:

> MR. STEPHENS [Defendant's Counsel]: May I interject one thing, Your Honor, please, about the 2255? There is a --
> THE COURT: Well, wait a minute. Before you say 2255, let's break that down into real language.
> MR. STEPHENS: All right. Any collateral attack --
> THE COURT: Any lawsuit that --
> MR. STEPHENS: Lawsuit.
> THE COURT: -- he might file separately --
> MR. STEPHENS: Yes.
> THE COURT: -- about this case.
> MR. STEPHENS: About this case. There is a very recent American Bar Association [opinion] pending that I am going to share with Hydee [assistant United States Attorney Hydee Hawkins] and other United States attorneys that suggest[s] in the strongest of terms that a lawyer recommending that waiver is committing an error, and it is -- it's a brand new opinion.
>     What I had suggested to Hydee -- because literally I read this about a week-and-a-half ago -- is that she would circulate that around her office and see. I've actually convinced Mr. Thompson to take it out.
>     It may very well be that there has been an ethics rule's change that would prohibit us from agreeing to that.
>     My client did not even know that. I didn't know it until last week, and she has very graciously agreed to review that. So we may be taking -- I say may. We may be withdrawing that from part of the plea agreement.

---

[1] On December 13, 2012, this §2255 was reassigned to Judge Reeves. Doc. 78.

>THE COURT: Well, you'll just have to file a separate motion. Actually, there are some courts that have for years declined to accept such a provision.
>MR. STEPHENS: Yes, indeed.
>THE COURT: And I'm not one of those judges. But if you decide you need to file a separate motion later on because of something, some new interpretation, then you'll have to do that.
>MR. STEPHENS: Thank you kindly, ma'am.

*Id.* at p. 20-21.

No motion regarding modification or elimination of the waiver of collateral attack was filed and, on November 20, 2009, defendant was sentenced to 151 months' imprisonment–the lowest sentence within the Guideline range. Docs. 47, 60. The Court accepted the plea agreement, including the waiver provision. Doc. 44. Because his sentence was above 144 months' imprisonment, defendant was able to file an appeal. However, in December 2011, the Sixth Circuit affirmed, rejecting defendant's contention that his sentence was substantively unreasonable. Doc. 65. The Supreme Court denied certiorari in April 2012. Doc. 70. Defendant filed the §2255 petition at hand in September 2012. Doc. 71.

## II. Analysis

### A. Issues Raised By Defendant

Defendant raises three arguments, the first two of which involve allegations of ineffective assistance of counsel. First, he contends his counsel was ineffective for failing to "[t]imely [i]nvestigate [a]nd [n]egotiate [f]or [a] [m]ore [f]avorable [p]lea [a]greement[.]" Doc. 71, p.5. Second, defendant contends counsel was ineffective due to having committed multiple purported errors, such as allegedly not fully advising defendant of "all facts and law relevant to his decision to plead guilty[,]" failing to file a motion to suppress and having an unspecified conflict of interest. *Id.* at p. 6, 13-14. Third, defendant contends his "[c]onviction [a]nd [s]entence [a]re

3

[v]iolative [o]f [h]is [r]ight [t]o [f]reedom [o]f [s]peech [a]nd [t]o [p]etition, [h]is [r]ight [t]o [b]e [f]ree [o]f [u]nreasonable [s]earch [a]nd [s]eizure, [h]is [r]ight [t]o [d]ue [p]rocess [o]f [l]aw, [h]is [r]ights [t]o [c]ounsel, [t]o [j]ury [t]rial, [t]o [c]onfronation [o]f [w]itnesses, [t]o [p]resent [a] [d]efense, [a]nd [t]o [c]ompulsory [p]rocess, [a]nd [h]is [r]ight [t]o [b]e [f]ree [o]f [c]ruel [a]nd [u]nusual [p]unishment [u]nder [t]he [c]onstitution." *Id.* at p. 7.

**B. All of Defendant's Claims Except His Claim of Ineffective Assistance Of Counsel Regarding the Plea Negotiation Process Are Barred By the Plea Agreement's Waiver Clause**

The previously quoted transcript of the rearraignment hearing clearly demonstrates that defendant was aware of all relevant portions of the plea agreement, including the waiver clause. The plain language of the exception to the waiver clause only permitted defendant to appeal a sentence in excess of 144 months; no similar exception permits defendant to collaterally attack a sentence exceeding 144 months. Defendant's argument to the contrary notwithstanding, the plea agreement accordingly should be enforced because the record compels a conclusion that defendant knowingly and voluntarily waived his right to collaterally attack his guilty plea, conviction and sentence. *See, e.g., United States v. Thompson*, 2009 WL 1917073, at *1 (W.D.Ky. July 1, 2009) ("A valid plea agreement which contains a waiver of the right to seek collateral relief will bar such action, including a § 2255 motion attacking a conviction, sentence, or plea. *See Davila v. United States*, 258 F.3d 448, 450–51 (6th Cir.2001) . . . .").

Enforcing the plea agreement does not mean that all of defendant's claims can be summarily dismissed, however, as "Sixth Circuit authority . . . has shown that waivers do not always apply categorically." *United States v. Harding*, 2008 WL 4073393, at *20 (E.D.Ky. Aug.

4

29, 2008). The Sixth Circuit has held that "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel . . . it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Even so, not every allegation of ineffective assistance of counsel serves to bar the application of an otherwise valid waiver. Instead, only claims of ineffective assistance of counsel directly related to a plea agreement are not waived. As Magistrate Judge Atkins has explained: "in order to be non-waivable, an ineffective assistance of counsel claim must have some direct relation to the guilty plea, and not merely a vaguely-articulable connection." *United States v. Goree,* 2010 WL 5980621, at *1 (E.D.Ky. Nov. 30, 2010).

Defendant's claims must therefore be analyzed separately to determine if they are foreclosed by the waiver clause in the plea agreement. Defendant's previously quoted third claim for relief is a laundry list of allegations which plainly do not directly involve the plea agreement or the very validity of the waiver clause itself. Accordingly, defendant's third claim for relief is foreclosed by the plea agreement.

Defendant's first two claims for relief do involve allegations of ineffective assistance of counsel, so those claims must be closely analyzed to determine if the allegations are directly related to the plea agreement. Defendant's first claim for relief, broadly speaking, is that counsel was ineffective for failing to negotiate a favorable plea agreement. That claim is directly related to the plea agreement and, accordingly, is not barred by the waiver provision. The Court will analyze that claim for relief separately later in this report and recommendation.

Defendant's second claim for relief is a catch-all claim containing allegations that counsel was ineffective for not: filing a motion to suppress; objecting to "unlawful, false and unreliable evidence used to determine [defendant's] guideline sentencing range"; and presenting the "strongest issues" in defendant's direct appeal. Doc. 71, p. 14. Defendant also contends counsel had an "actual conflict of interest which adversely affected their performance during the pretrial, plea, sentencing and direct appeal process in this case." *Id.* The allegations regarding counsel not filing a motion to suppress, not objecting to defendant's guideline sentencing range and not presenting stronger issues on appeal are obviously not directly related to the plea agreement. Consequently, those allegations are foreclosed by the waiver. Defendant's allegation regarding a conflict of interest is also waived to the extent that the alleged conflict pertains to anything other than the plea negotiation process.

The claim that counsel had a conflict of interest during the plea negotiation process does directly relate to the plea agreement. However, defendant is not entitled to relief on that claim because he (defendant) has not stated the precise nature of the alleged conflict. Instead, defendant asks the Court for leave to conduct discovery to flesh out his vague, conclusory allegations. The Sixth Circuit has made plain, however, that a habeas petitioner is not entitled to discovery as of right, nor is a petitioner entitled to conduct a fishing expedition in order to search for potentially viable claims. Instead, a habeas petitioner must present specific allegations of fact in his petition before a court may order discovery to commence. *See, e.g., Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).[2] Therefore, defendant's allegations regarding

---

[2]In *Williams* the Sixth Circuit held as follows:
Habeas petitioners have no right to automatic discovery. Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts permits a

counsel's alleged conflict of interest during the plea agreement process are fatally conclusory and vague.[3]

## C. No Entitlement To Relief For Alleged Ineffective Assistance of Counsel During Plea Negotiation Phase

The only claim remaining to be addressed on the merits is defendant's claim that counsel was ineffective during the plea negotiation process. The overall issue is comprised of three sub-issues. Specifically, defendant alleges that:

> Had counsel seriously negotiated with the government for a more favorable plea agreement, there is a reasonable probability that counsel could have obtained a plea agreement with[:1] a stipulation to a sentence which included a downward adjustment under U.S.S.G. § 3B1.2 for his minor role in the offense[;2] and/or a plea agreement for a sentence which included a downward adjustment or variation based on his military service[;3] and/or a plea agreement with a stipulation or agreement providing that the government would "not" attempt to impose "civil commitment" pursuant to 18 U.S.C. § 4248, on Mr. Riley at the end of his sentence.

Doc. 74, p. 37. Defendant is not entitled to relief on any of the sub-issues.

---

> petitioner to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise. Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief. The burden of demonstrating the materiality of the information requested is on the moving party. . . . Rule 6 does not sanction fishing expeditions based on a petitioner's conclusory allegations."

380 F.3d at 974 (internal quotation marks and citations omitted).

[3]In addition to being barred by the waiver clause of the plea agreement, some of defendant's other claims are similarly vague. Defendant does not specify what grounds should have been raised in a motion to suppress, does not state what false information was used to determine his sentencing guideline range and does not specify what purportedly more meritorious issues should have been raised on appeal. Accordingly, in addition to being barred by the waiver provision of the plea agreement, those claims are without merit due to their vagueness.

### 1.  Standard of Review

In order to demonstrate ineffective assistance of counsel a defendant must make two showings.  "First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S.668, 687 (1984).  "The defendant's burden in the case of a guilty plea is the same, except that, to prove the second component, the defendant must demonstrate that he would have reached a different decision to plead."  *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).  A court need not address both the deficient performance and prejudice prongs if a defendant fails to make a sufficient showing on either prong.  *See, e.g., United States v. DeGroat*, 102 Fed.Appx. 956, 959 (6th Cir. 2004).  Finally, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ."  *Strickland*, 466 U.S. at 689.

### 2.  Defendant Not Entitled to Sentence Reduction for Having Played a Minor Role in the Offenses

The first sub-issue is defendant's contention that his counsel was ineffective for not negotiating a plea agreement which would have provided for a reduction of defendant's sentence due to his minor role in the offense pursuant to United States Sentencing Guidelines ("USSG") 3B1.2.  However, as the United States points out in its response, defendant was the only person named in the indictment and the commentary to USSG 3B1.2 provides that a reduction for a defendant's minor role is not appropriate unless multiple people were involved in the offense.

Nonetheless, the Sixth Circuit has held, in a similar case involving child pornography charges, that "§ 3B1.2 does not require that the other 'participants' be charged with the crime." *United States v. Groenendal*, 557 F.3d 419, 426 (6th Cir. 2009). Instead, "[e]ven a sole defendant charged with criminal conduct is entitled to a reduction under § 3B1.2 if his conduct is less culpable than others involved in relevant conduct." *Id.* The United States' argument that defendant was completely foreclosed from receiving a minor role reduction is thus incorrect.

"A minimal participant is one who is plainly among the least culpable of those involved in the conduct of a group, and a minor participant is one who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* at 427-28. Examination of defendant's conduct leads to the inescapable conclusion that his conduct cannot reasonably be described as having been less culpable than anyone else involved in the offense, meaning that a motion for a minor role sentence reduction would have been meritless. An attorney cannot be deemed ineffective for failing to file a meritless motion. *See, e.g., Goldsby v. United States*, 152 Fed.Appx. 431, 438 (6th Cir. 2005) ("Failing to file a frivolous motion does not constitute ineffective assistance of counsel; thus, this claim was properly denied.").

The plea agreement adopted by the Court and signed by defendant recites defendant's extensive involvement in engaging in distribution of child pornography. Specifically, defendant sent a female "five videos containing images of children engaged in explicit sexual acts including images of female children as young as 6 years old being digitally penetrated, performing oral sex and intercourse with adult males, and some of bondage." Doc. 44, p. 2. Defendant also sent an undercover officer "seven videos containing images of children engaged in explicit sexual acts including female children engaged in anal sex, beastiality [sic], oral sex

9

with adult males and a male child engaged in oral sex with an adult female." *Id.* at p. 3.  In addition, defendant "knowingly utilized the internet to send 12 videos of child pornography to a female in Mercer County, Kentucky, and was in knowing possession of child pornography on his computer during the search warrant in March, 2008.  The forensic examination of items seized from the Defendant's residence revealed over 41 known victims and over 1,000 photos and videos containing child pornography including children as young as 4-6 years old." *Id.* at p. 5.  Clearly, therefore, defendant's involvement in the child pornography was so extensive and far-reaching that no reasonable jurist could have concluded that defendant played only a minor role in the offenses.  Accordingly, counsel cannot be found to have been ineffective for failing to raise such a meritless argument.

### 2.  Defendant Not Entitled To Reduction Based on His Military Service

Defendant's second sub-issue is that his attorney was ineffective for failing to seek a downward adjustment due to defendant's military service.  USSG 5H1.11 does provide that "[m]ilitary service may be relevant in determining whether a departure is warranted, if the military service, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines."  Defendant, however, has not shown how his military service was so unusual as to warrant a downward adjustment.  The general thrust of USSG 5H1.11 is that a downward adjustment for military service is "discouraged . . . ."  *See, e.g., United States v. Jared*, 50 Fed.Appx. 259, 260-61 (6th Cir. 2002) (vacating sentence and remanding to district court for resentencing due to, among other reasons, the district court's having "based the downward departure in part on the discouraged feature of military service.").  Indeed, sentence reductions for military service are so

discouraged that the Fifth Circuit held that even a defendant who received two purple hearts and a distinguished flying cross did "not present such extraordinary circumstances as to require departure on the basis of this individual characteristic." *United States v. Peters*, 978 F.2d 166, 171 (5th Cir. 1992).

More importantly, the Sixth Circuit held on direct appeal that persons convicted of "child crimes and sexual offenses" are not eligible for downward departures based upon a history of military service. *See* doc. 65, p. 5.[4]  Accordingly, though the record does indicate that defendant served in Iraq and sustained injuries during the course of that service, defendant has not shown that his service in the military was of such a unique and extraordinary nature to warrant a downward adjustment.

In addition, though counsel did not file a document formally styled a motion for downward adjustment based on defendant's military service, counsel did repeatedly ask the

---

[4]The Sixth Circuit held in relevant part that:
> One subsection, for example, identifies military service as a possible ground for downward departure. Crucially, however, Congress has specifically instructed that child crimes and sexual offenses are to be treated differently than other types of crimes— the sole grounds permissible for a downward departure are those expressly enumerated in Park [sic] 5K.  Neither a defendant's lack of prior criminal history nor his or her military service are enumerated in § 5K. Accordingly, although these considerations are permissible grounds of departure for other types of crimes, these two factors are specifically excluded from consideration for child crimes and sexual offenses. . . . Thus, the Guidelines prohibited the district court from departing downward from Reilly's sentencing range based on either his lack of prior criminal history or his exemplary service in the armed forces.

Doc. 65, p. 5-6. (internal quotation marks and citations omitted).  The Sixth Circuit later held that the district court was permitted to consider defendant's military service in determining whether to afford defendant a variance in his sentence. *Id.* at p. 6.  However, the Sixth Circuit held that the trial court's decision to not grant a variance was substantively reasonable in light of defendant's conduct. *Id.* at p. 7-9.

Court to afford defendant a more lenient sentence based upon his military service. For example, counsel's pre-sentencing memorandum argues that defendant was entitled to a variance or downward departure due to his having "offered himself in sacrifice to his Country for almost ten years . . . ." Doc. 38, p. 7-8. At sentencing, counsel again mentioned defendant's military service, including stating that "I think it is still appropriate to ask for the variance or the departure on the grounds of the long-term service, the injury, the suffering that this gentleman was–had in the field of combat for his country." Doc. 60, p. 119. Later during the sentencing proceeding, counsel again cited defendant's "service to this country" as a reason the Court should, at minimum, sentence defendant to the lower end of the guideline range. *Id.* at p. 152.

Counsel therefore raised to the Court defendant's military service numerous times in an effort to get defendant the lowest possible sentence. The inescapable conclusion is that counsel cannot be deemed to have been ineffective.

**3. Counsel Was Not Ineffective for Failing To Seek a Clause in the Plea Agreement Waiving Civil Commitment**

Defendant's final argument is that his attorney was ineffective for failing to ensure that the plea agreement contained a provision prohibiting defendant from being subject to civil commitment under 18 U.S.C. §4248.[5] Defendant contends that there is a "reasonable probability

---

[5]In relevant part, 18 U.S.C. §4248 provides that:
In relation to a person who is in the custody of the Bureau of Prisons . . . the Attorney General or any individual authorized by the Attorney General or the Director of the Bureau of Prisons may certify that the person is a sexually dangerous person, and transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government . . . . The court shall order a hearing to determine whether the person is a sexually dangerous person. . . . If, after the hearing, the court finds by clear and convincing evidence

that counsel could have obtained . . . a plea agreement with a stipulation or agreement providing that the government would 'not' attempt to impose 'civil commitment' pursuant to 18 U.S.C. §4248, on Mr. Riley at the end of his sentence." Doc. 74, p. 37. However, defendant cites to absolutely nothing to buttress his conjecture that counsel would have been able to negotiate a civil commitment waiver clause. In fact, defendant cites to no authority from this or any other jurisdiction in which such a clause was included in a plea agreement. Defendant, therefore, has failed to meet his burden to show that he was actually prejudiced by counsel's failure to seek a waiver of civil commitment because defendant cannot show that there is a reasonable probability that the United States would have agreed to such a clause.[6]

---

that the person is a sexually dangerous person, the court shall commit the person to the custody of the Attorney General.

[6]The United States did not provide an affidavit from the United States Attorney for the Eastern District of Kentucky or someone from the United States Department of Justice definitively stating whether there is a policy regarding waiving civil commitment in a plea agreement. Instead, the United States only offers an affidavit of defense counsel averring that the government cannot preclude the Bureau of Prisons from seeking civil commitment. However, the question of whether the United States Attorney may bind the Bureau of Prisons in a plea agreement is not as clear-cut as the government's response seems to indicate. *See, e.g., Avery v. United States*, 47 F.3d 1167, at *5 (6th Cir. Jan. 5, 1995) (unpublished) ("The record clearly reflects that the government's obligation to petitioner was an unconditional promise to recommend concurrent state and federal sentences. The district court accepted the plea agreement that contained this obligation by the government. The Bureau of Prisons, an agent of the Justice Department, which the government concedes is subject to the order of the Attorney General of the United States, has refused to honor the recommendation of concurrency. The unconditional nature of the government's commitment to petitioner, however, necessitates that the government order the Bureau of Prisons to calculate petitioner's sentences in accordance with the plea agreement."); *United States v. Flowers*, 934 F.Supp.853, 855-56 (E.D.Mich. 1996) ("It is clear that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. In this case, the Government concedes that the BOP's prospective-only calculation of Defendant's sentence has defeated the intentions of both Defendant and the Government when they entered into the plea agreement. As an agency of the same Government that entered into the plea agreement, the BOP is not free to override its binding terms.") (internal quotation marks and citations omitted). Regardless, because defendant has not met his burden to

13

Defendant was entitled to competent counsel, not an omniscient, perfect counsel who raised every conceivable issue and negotiated for every conceivable provision in a plea agreement. As the Supreme Court has held, "[e]very trial presents a myriad of possible claims. Counsel might have overlooked or chosen to omit [an argument] while pursuing other avenues of defense. We have long recognized, however, that the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim." *Engle v. Isaac*, 456 U.S. 107, 133-134 (1982). The fact that neither defendant nor the United States has cited–nor has the Court independently located-- a single case referring to a plea agreement containing a civil commitment waiver clause shows that counsel cannot be deemed ineffective for failing to ask for such a novel clause. *See, e.g., Alexander v. Smith*, 311 Fed.Appx. 875, 887 (6th Cir. 2009) ("Failure of his trial and appellate counsel to present a novel legal argument when the caselaw is ambiguous does not constitute ineffective assistance.").

### III. Conclusion

For the foregoing reasons, it is **RECOMMENDED**:

Defendant's pro se motion pursuant to 28 U.S.C. §2255 to vacate or set aside his conviction and sentence [Doc. 71] should be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*,

---

show that counsel's failure to seek a civil commitment waiver constitutes ineffective assistance of counsel, it is not necessary for the Court to definitively rule on whether the Bureau of Prisons would be required to abide by a civil commitment waiver provision in a plea agreement.

728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985).  A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)).  Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  *Howard*, 932 F.2d at 509.  A party may respond to another party's objections within fourteen days of being served with a copy of those objections.  Fed. R. Civ. P. 72(b)(2).

    This the 11th day of March, 2013.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge